## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DIE SERVICES INTERNATIONAL, LLC**,

                Plaintiff,

                                         No. 2:13-cv-11312

   vs.                               Hon. Gerald E. Rosen

**DEUTSCH SYSTEMS INC**.

                Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM

Plaintiff Die Services International, LLC engaged Defendant Deutsch Systems, Inc. to refurbish the hydraulic and electrical controls on a hydraulic press at Plaintiff's Belleville, Michigan facility. (Plf's Am. Compl., Dkt. # 5, at ¶¶ 15, 17-27). Defendant allegedly failed to complete its work pursuant to the parties' agreement, so Plaintiff sued Defendant for Breach of Contract and Unjust Enrichment/Quantum Meruit. (Plf's Compl., Dkt. #1; Plf's Am. Compl., Dkt. #5). After Defendant failed to answer, Plaintiff moved for default judgment on May 1, 2013. (Plf's Mtn., Dkt. # 8). Defendant answered Plaintiff's Amended Complaint the next day. (Def's Answer, Dkt. # 10). The parties then stipulated to an order

that both (1) withdrew Plaintiff's motion for default judgment; and (2) found Defendant's Answer to be timely filed.  (May 7, 2013 Stip. Order, Dkt. # 11).

Thirteen days after filing its Answer, Defendant filed a counterclaim against Plaintiff.  (Def's Countercl., Dkt. # 13).  Just like Plaintiff, Defendant asserts claims of Breach of Contract and Unjust Enrichment, as well as brings a Detrimental Reliance count.  (*Id.*).  Although there is no dispute that the parties' various claims against each other are part and parcel to the parties' agreement and performance thereunder, the parties vehemently disagree as to agreement's scope and the parties' respective performance.

Currently before the Court is Plaintiff's Motion to Strike Defendant's Counterclaim.  (Plf's Mtn., Dkt. # 15).  Under Rule 13(a) of the Federal Rules of Civil Procedure, a party "must" assert any counterclaim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" concurrent with its answer.  Fed. R. Civ. P. 13(a).  The parties do not dispute whether Defendant's Counterclaim is compulsory -- it is.  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995) (under the "logical relationship" test, "a claim's compulsory status depends on whether (1) the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; *and* (2) the claim is one that the party 'has' at the time that the party is to file his

responsive pleading"). Rather, the parties dispute whether Defendant filed the Counterclaim in a timely manner.

The recent amendments to the Federal Rules of Civil Procedure make clear that "[a]n amendment to add a counterclaim [is to be] governed by Rule 15." Fed. R. Civ. P. 13 advisory committee notes (2009). Under Rule 15, "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). Plaintiff urges that this case is similar to *Allegra Network LLC v. Cormack*, 2012 WL 6757244 (E.D. Mich. Dec. 3, 2012), where Magistrate Judge Whalen found a compulsory counterclaim pled more than a year after an answer to be untimely. *Id.* at *3-4. Unlike the defendants in *Allegra*, however, Defendant here filed its counterclaim just thirteen days after filing its Answer -- i.e., within Rule 15(a)(1)(A)'s 21-day window. Therefore, the Court will treat Defendant's Counterclaim as a timely amendment to Defendant's Answer. *See also Greystone Nevada, LLC v. Anthem Highlands Cmty. Ass'n*, 2013 WL 2319249, at *3 (D. Nev. May 28, 2013) (permitting defendants to add compulsory counterclaims filed within 21-days after serving answer pursuant to Fed. R. Civ. P. (15)(a)(1)(A)); *Djourabchi v. Self*, 240 F.R.D. 5, 10-11 (D.D.C. 2006) (similar); *cf Dixie Fuel Co. v. Straight Creek, LLC*, 2011 WL 845828, at *3 (E.D. Ken. Mar. 8, 2011) (under Rule 15, a party may seek leave to amend a pleading to add a compulsory counterclaim).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Counterclaim

[Dkt. #15] is DENIED.

**IT IS SO ORDERED.**


Dated:          January 8, 2014          s/Gerald E. Rosen
                                         GERALD E. ROSEN
                                         CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys
of record on this date, January 8, 2014, by electronic and/or ordinary mail.

                                         s/Richard Loury
                                         In Absence of Julie Owens
                                         Deputy Clerk and Case Manager,
                                         313-234-5137

4